IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2000

## STATE OF TENNESSEE v. ROBERT BENTLEY MILLER

**Direct Appeal from the Criminal Court for Sullivan County**
**No. S41, 376     R. Jerry Beck, Judge**

**No. E1999-00970-CCA-R3-CD**
**December 4, 2000**

The Defendant, pursuant to a plea agreement, pleaded guilty as a Range II multiple offender to two counts of facilitation of the sale of a Schedule IV drug (a Class E felony) and three counts of facilitation of the sale of a Schedule VI drug (a Class A misdemeanor). The Defendant received sentences of three years for each of the felonies and eleven months, twenty-nine days for each of the misdemeanors. All five sentences were to be served concurrently, for an effective sentence of three years. The manner of service of the sentence was not part of the plea agreement but was to be decided by the trial court after a sentencing hearing. At the sentencing hearing, the trial court determined that the sentence should be served in the Department of Correction. In this appeal, the Defendant argues that he was wrongfully denied probation or alternative sentencing. Finding no merit to the Defendant's argument, we affirm the ruling of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Joseph F. Harrison, Assistant Public Defender, Blountville, Tennessee, for the appellant, Robert Bentley Miller.

Paul G. Summers, Attorney General and Reporter; Clinton J. Morgan, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Mary Katharine Harvey, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On June 28, 1999, the Defendant, Robert Bentley Miller, pursuant to a plea agreement,

pleaded guilty as a Range II multiple offender to two counts of facilitation of the sale of a Schedule

IV drug, a Class E felony, and to three misdemeanor counts of facilitation of the sale of a Schedule

VI drug. The plea agreement provided that the Defendant receive a sentence of three years for each felony and a sentence of eleven months, twenty-nine days for each misdemeanor, all to be served concurrently, for an effective sentence of three years. At the sentencing hearing, the trial court ordered the Defendant to serve the sentence in the Department of Correction. The Defendant was also ordered to pay a $2,000 fine.

The charges arose out of events occurring during the month of August 1996. Over the course of five days, the Defendant rendered substantial assistance in the sale of drugs to a confidential informant. The Defendant testified that in exchange for his assistance, once or twice he received a small amount of marijuana.

The presentence report indicated that the Defendant had a previous history of criminal convictions or criminal behavior and a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. The Defendant presented evidence at the sentencing hearing that he had taken steps to live as a law-abiding citizen. While serving a sentence for an unrelated conviction, the Defendant attended anger management classes and a substance abuse program. In addition, since being released from incarceration, the Defendant attended Alcoholics Anonymous meetings regularly. The Defendant's employer, mother, and wife each testified about the Defendant's dependability. The Defendant's wife also testified that the Defendant provides financially for her and her daughter.

Notwithstanding the evidence offered by the Defendant at the sentencing hearing, the trial court determined that the Defendant should serve the three-year sentence in the Department of Correction. In making his determination, the judge ruled that, given the Defendant's extensive criminal history, the negative presentence report, and the failure of probation in the past, the granting of alternative sentencing was not possible. The trial court considered the positive testimony, but ruled that the evidence offered did not outweigh the criminal history, negative presentence report, and failure of probation in the past.

When a criminal defendant challenges the length, range, or manner of service of a sentence, including the grant or denial of probation, the reviewing court must conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). In the event that the record fails to show such consideration, the review of the sentence is purely de novo. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992). In this case, the trial court properly applied the applicable sentencing principles and is thus entitled to the presumption of correctness. "The burden of showing that the sentence is improper is upon the appellant." Ashby, 823 S.W.2d at 169. If appellate review reflects that the trial court followed the statutory sentencing procedure, that the court imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under the sentencing law, and that the trial court's findings of fact are

adequately supported by the record, this Court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

In analyzing the trial court's action on probation, this Court must first review the factors to be considered in imposing a sentence. In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-210(a)(b), -103(5); State v. Williams, 920 S.W.2d 247, 258 (Tenn. Crim. App. 1995).

With certain exceptions, a defendant is eligible for probation if the sentence actually imposed is eight years or less. Tenn. Code Ann. § 40-35-303. Although probation "must be automatically considered as a sentencing option for eligible defendants, the defendant is not automatically entitled to probation as a matter of law." Id. § 40-35-303(b) sentencing comm'n cmts. In determining whether to grant or deny probation, the trial court must consider the nature and circumstances of the offense; the defendant's criminal record, background and social history; the defendant's present condition; the deterrent effect on other criminal activity; and the likelihood that probation is in the best interests of both the public and the defendant. State v. Goode, 956, S.W.2d 521, 527 (Tenn.

-4-

1997).  The Defendant has the burden of establishing suitability for probation.  Tenn. Code Ann. §

40-35-303(b); Ashby, 823 S.W.2d at 169. The statutory presumption of an alternative sentence does

not apply to a Range II offender.  See Tenn. Code Ann. § 40-35-102(6).

> The court should base a sentence involving confinement on the following considerations:
>
> > (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
> > (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrent to others likely to commit similar offenses; or
> > (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant . . . .

Id. § 40-35-103(1).

In this case, the Defendant has failed to prove that the trial court abused its discretion in

denying probation.  The trial judge considered the appropriate factors when deciding the manner in

which the Defendant was to serve his three-year sentence.  The trial court based its sentence of three-

years incarceration on the Defendant's lengthy criminal history, the negative presentence report, and

previous failed attempts at probation.  While the trial court also carefully considered the evidence

offered by the Defendant in support of an alternative sentence, the trial court believed the negative

factors outweighed the evidence offered.  We find no abuse of discretion by the trial court.

Accordingly, the sentence imposed by the trial court is AFFIRMED.

_____

ROBERT W. WEDEMEYER, JUDGE